UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICTOR CHO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PARAMOUNT GLOBAL,<br><br>Defendant. | Case No. 1:24-cv-08312-JPO |

**DECLARATION OF MAUREEN SARAF**

Pursuant to 28 U.S.C. § 1746, I, Maureen Saraf, declare under penalty of perjury as follows:

1. I am Senior Director for Customer Care at CBS Interactive Inc., a subsidiary of Paramount Global ("Paramount"), where I oversee Paramount+'s Customer Care team. I am over 18 years of age and make this declaration of my personal knowledge, investigation, discussions with representatives of Paramount and/or review of Paramount's business records and information, and, if called to do so, could testify competently to the facts stated herein.

2. I submit this Declaration in Support of Defendant Paramount's Motion to Dismiss and Motion to Compel Arbitration, Dismiss the Class Claims, and Stay the Case.

3. Paramount+ is a premium video streaming service which offers Paramount-branded entertainment and media content.

*Plaintiff's Agreement to Paramount's Terms*

4. Plaintiff asserts that he "has had an account with Paramount . . . within the last two years since filing this Complaint." Compl. ¶ 5. Paramount's records indicate that Plaintiff created a Paramount+ account on August 21, 2024 through his Charter cable subscription. A true and

correct copy of Plaintiff's account information, including the date of Plaintiff's account creation, is attached hereto as Exhibit A.

5. Individuals who created Paramount+ accounts through paramountplus.com in August 2024 affirmatively assented to the Paramount+ Terms of Use effective as of January 24, 2023. These Terms are currently effective and are posted on the website. A true and correct copy of the Terms is attached hereto as Exhibit B.

6. According to Paramount's records, Plaintiff signed up for a Paramount+ account through his Charter Spectrum subscription in August 2024. *See* Exhibit A.

7. At the time Plaintiff created his account in August 2024, Plaintiff could create a Paramount+ account with a Spectrum subscription starting on paramountplus.com or spectrum.com.

8. Regardless of the website Plaintiff started on, he was ultimately directed back to paramountplus.com to create his Paramount+ account. Plaintiff could not create a Paramount+ account within a Spectrum app or site.

9. Plaintiff created his Paramount+ account on the "Create your Account" page on the Paramount+ website. A true and correct screenshot illustrating the account creation page is attached hereto as Exhibit C.

10. On the "Create your Account" page, Plaintiff was prompted to enter his name, email, date of birth, zip code, and gender. *See* Exhibit C. Here, the website displayed text that read: "[b]y pressing 'Continue', you confirm that you have read and agree to the Terms of Use and acknowledge our Privacy Policy." *Id.* The words "Terms of Use" and "Privacy Policy" were hyperlinks that appeared in blue, distinguishing them from the surrounding text, and clicking on them led to the Terms of Use and Privacy Policy, which Plaintiff could easily scroll through and

read.

11. To finish signing up, Plaintiff affirmatively clicked the "CONTINUE" button, confirming that he agreed to the Terms of Use. *Id.*

12. The Terms of Use expressly called for arbitration of "**ANY DISPUTE WITH OR CLAIM** AGAINST THE OTHER (A "CLAIM") ARISING OUT OF OR RELATING IN ANY WAY TO THE SERVICES OR THESE TERMS" (with "Service" defined to encompass "websites, applications, and other products or services that include an authorized link to these Terms"). Exhibit B § 1 (emphasis added). The terms further provided that "[c]lass arbitrations and class actions are not permitted[.]" *Id.* Additionally, the Terms stated that "[y]ou and we agree that the U.S. Federal Arbitration Act governs the interpretation and enforcement of this provision, and that you and we are each waiving the right to a trial by jury or to participate in a class action." *Id.* The arbitration clause and class waiver were in all caps and clearly labeled with a bolded heading titled "**Dispute Resolution; Arbitration Agreement**." *Id.*

13. The Terms further provide that the "[a]ny such arbitration shall be governed by the applicable rules of National Arbitration & Mediation ('NAM') (including the Comprehensive Dispute Resolution Rules and Procedures and/or the Supplemental Rules for Mass Arbitration Filings . . .), as modified by this Section 1 [of this arbitration agreement] . . . and will be administered by NAM." *Id.* at § 1.2.

*Removal of the Meta Pixel from the Paramount+ Website*

14. Plaintiff's Complaint asserts that his video watching information was disclosed via the Meta Pixel. Compl. ¶ 14. The Meta Pixel was removed from all video pages on the Paramount+ website on September 28, 2022.

15. As noted above, Plaintiff signed up for Paramount+ in August 2024, nearly two

years after Paramount removed the Meta Pixel from all video pages on the Paramount+ website.

16. Accordingly, he never watched videos on the Paramount+ website while the Meta Pixel was active on video pages, and information about his video watching activity on Paramount+ therefore could not have been disclosed via the Meta Pixel.

I declare under penalty of perjury that the forgoing is true and correct. Executed on this _8_ day of January 2025 in _Pleasant Hill, CA_.

Maureen Saraf